UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLA INCHINGALO,

Plaintiff,

v.

SOLANO COUNTY, et al.,

Defendants.

No. 2:26-cv-02023-CKD

ORDER

Defendants Brian Taylor and Jennifer Wood move under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff Karla Inchingalo's claims against them. This matter is before the undersigned for all purposes including trial and entry of judgment. (ECF No. 24.) This motion is suitable for decision without oral argument under Local Rule 230(g), and the hearing set on the motion is vacated. For the following reasons, the motion to dismiss is granted and plaintiff's claims against defendants Taylor and Wood are dismissed without leave to amend.

## I. Background

Plaintiff filed this case in the United States District Court for the Northern District of California on March 27, 2026. (ECF No. 1.) On June 3, 2026, the Northern District transferred the case to this district court. (ECF No. 17.) Plaintiff filed the first amended complaint (FAC) on June 10, 2026, pleading two claims under 42 U.S.C. § 1983 against the moving defendants Taylor and Wood and Sheriff's Deputy Hughes as follows: (1) "Denial of Access to Court" (First and

Fourteenth Amendments) and (2) "Unreasonable Seizure, Restraint, and Imprisonment" (First and Fourteenth Amendments). (ECF No. 20, ¶¶ 24-29.)

Plaintiff alleges that during early 2024, she was a defendant in two Solano County Superior Court unlawful detainer cases. (ECF No. 20, ¶ 12.) On or about March 27, 2024, plaintiff approached Solano Superior Court lead legal process clerk defendant Wood in the Clerk's Office at the superior court and requested access to case files and records for those cases. (Id., ¶ 15.) Defendant Wood allegedly responded that pursuant to County policy, plaintiff could not have access to the files unless and until she provided a "notarized" copy of her driver's license, which plaintiff alleges would be impossible. (Id., ¶ 16.) Plaintiff refused to leave the public area of the Solano County Superior Court Clerk's office unless and until she was granted access to her case files. (Id., ¶ 19.) Deputy clerks including defendant Wood summoned Solano County sheriff's deputies including defendant Hughes who seized plaintiff, restrained her with handcuffs, and paraded her multiple blocks to a "Solano County lock-up" where she was held for several hours. (Id., ¶¶ 20-23.)

On July 15, 2026, Solano County Superior Court Clerk defendant Taylor and defendant Wood ("superior court defendants") filed the motion to dismiss presently before the court. (ECF No. 23.) The superior court defendants argue this court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) with regard to any official-capacity claims, and argue plaintiff fails to state any claim against them upon which relief can be granted under Rule 12(b)(6). The motion to dismiss is fully briefed with plaintiff's opposition, defendants' reply, plaintiff's sur-reply, and defendants' further reply. (ECF Nos. 25, 26, 30, 31.)

## II. Legal Standard for Dismissal Under Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Under the plausibility pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), a plaintiff survives a motion to dismiss by alleging "enough facts to state a claim

to relief that is plausible on its face." The complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

At the Rule 12(b)(6) stage, the court accepts all nonconclusory factual allegations of the complaint as true and construes those facts and the reasonable inferences that follow in the light most favorable to plaintiff. Iqbal, 556 U.S. at 678. Legal conclusions not supported by actual factual allegations need not be accepted. Iqbal, 556 U.S. at 678-79. In evaluating a motion brought under Rule 12(b)(6), the court's review is ordinarily limited to the content of the complaint and material properly submitted with the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Leave to amend should be freely given. See Fed. R. Civ. P. 15(a)(2). However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); (Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (noting the court does not have to allow futile amendments).

**III. Discussion**

**A. Request for Judicial Notice**

The superior court defendants request the court take judicial notice of a Solano County website and Solano County policy regarding access to case files, as follows: (A) Portal Site, Superior Court of California, County of Solano, published at https://portal.solano.courts.ca.gov/; and (B) Procedure re Public Portal Remote Token Access, Superior Court of California, County of Solano, effective March 25, 2024. (ECF No. 23-2.) Plaintiff argues that even if the existence of these materials is judicially noticeable, their authenticity as the complete governing policy and the truth of defendants' interpretation remain factual questions. (ECF No. 6-7.)

Defendants' Exhibits A and B above are the type of readily available public government records appropriate for this court to judicially notice at the Rule 12(b)(6) stage. See Fed. R. Civ. P. 201. However, the court does not take judicial notice of the truth of the matters asserted in the exhibits. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (the court does not judicially notice disputed factual matters). Ultimately, however, the court does not rely on the content of these exhibits in resolving the present motion.

**B. First Claim for Relief: Denial of Access to Court**

Plaintiff's first claim in the FAC alleges a denial of access to court based on alleged denial of access to files for cases in which plaintiff was a party, in violation of her First and Fourteenth Amendment rights, and based on resulting harm to her legal positions in underlying cases. (ECF No. 20, ¶¶ 24-26.) The parties dispute whether the FAC pleads a claim for violation of fundamental constitutional right to access the courts or some other right. (ECF No. 23-1 at 16; ECF No. 25 at 7-8.)

Defendants argue—and plaintiff appears to concede—she cannot proceed on a claim for damages for a violation of her fundamental constitutional right to access the courts without identifying "the underlying cause of action and its lost remedy" through allegations in the complaint sufficient to give fair notice to a defendant. Christopher v. Harbury, 536 U.S. 403, 416 (2002). Because plaintiff labeled the claim a denial of access to court and alleges the court records were for cases in which she was a party and that she suffered harm to her legal positions, the FAC indeed appears to attempt to plead a claim for a violation of plaintiff's fundamental right to access the court. (ECF No. 20, ¶¶ 24-26.) The FAC does not allege an "injury by being shut out of court" and therefore fails to state a claim. See Christopher, 536 U.S. at 416. The motion is granted on this point and plaintiff's first claim against the moving defendants asserting a violation of her fundamental constitutional right to access the courts is dismissed. Plaintiff does not indicate she can remedy this deficiency and so the dismissal of this claim is without leave to amend.

In opposition to the motion to dismiss, plaintiff argues that under her first claim she alleges she was "directly denied the information in the judicial files" in violation of her First

Amendment right of access to court proceedings and documents. (ECF No. 25 at 7.) To the extent plaintiff is arguing she has pleaded such a claim independently of her "denial of access to court" claim, the court disagrees and finds the FAC fails to provide fair notice of such a claim.

Plaintiff also argues the court need not define the constitutional source of the right at this point. (ECF No. 25 at 8.) However, the civil rights statute under which plaintiff sues is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See 42 U.S.C. § 1983; Graham v. Connor, 490 U.S. 386, 393-94, (1989). To state a claim under § 1983, plaintiff must allege the conduct she complains of violated a specific right secured by the Constitution. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Plaintiff must identify a specific constitutional violation in order to have a viable claim.

Plaintiff argues she can allege additional facts in a further amended complaint and argues she could plead, alternately, a direct First Amendment theory and a procedural due process theory arising from arbitrary denial of party access to court records. (ECF No. 28 at 8.) However, plaintiff fails to propose a viable claim.

Specifically, citing Courthouse News Serv. v. Planet, 947 F.3d 581, 590 (9th Cir. 2020), plaintiff argues she can plead a "direct First Amendment right of access to judicial records claim" supporting nominal damages without proof of any damage beyond the loss of constitutional dignity suffered. (ECF No. 25 at 2.) There is, indeed, a presumptive First Amendment right of access to some judicial records that arises when "[the] proceeding or record has historically been open to the press and general public and public access plays a significant positive role in the functioning of the particular governmental process in question." Courthouse News Serv., 947 F.3d at 581 (quotation marks, brackets, and citation omitted). The Ninth Circuit has held "the press has a qualified right of timely access to newly filed civil nonconfidential complaints" although "this right does not entitle the press to immediate access to those complaints." Id. The public, in turn, has a limited, qualified right to inspect and copy public records and documents,

including judicial records, grounded in the First Amendment and common law. See United States v. Higuera–Guerrero (In re Copley Press, Inc., 518 F.3d 1022, 1026-29 (9th Cir. 2008) (finding the public has a First Amendment right to access pretrial documents in criminal cases).

Plaintiff does not allege she sought the court records as a member of the press or that she sought access to judicial records typically open to the public. Plaintiff has not cited and this court is not aware of any authority holding that a member of the public has a First Amendment right to access the type of records plaintiff sought to access in relation to her two unlawful detainer cases. Plaintiff has not sufficiently alleged she was engaged in a protected First Amendment activity.

Even if plaintiff had a right to access court records for cases in which she was a party grounded in the First Amendment which is separate from her fundamental right of access to court, that right would "not guarantee an absolute ability to receive copies… on demand." Pullman v. Schwarzenegger, No. 11-CV-202 JLS BLM, 2011 WL 6396631, at *5 (S.D. Cal. Dec. 20, 2011) (finding "specific instances [of denial of access], coupled with undisputed instances in which Plaintiff did receive many of the records he sought," failed to state a cognizable First Amendment claim"); Courthouse News Serv., 947 F.3d at 581 (the first amendment right of access is "a qualified right of timely access" and not "immediate access"). Approximately one week after the incident that is the subject of the complaint, plaintiff received the records at issue upon presentation of her driver's license. (ECF No. 25 at 7.) Plaintiff fails to show she could plead a viable First Amendment claim premised on lack of access to court records.

Plaintiff's allegations about the denial of access to court records also do not support a cognizable claim under the Fourteenth Amendment. The requirements of due process "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). The liberty guaranteed by the Fourteenth Amendment is broad, but not unlimited. See id. at 572-73. Plaintiff does not plausibly allege she had a constitutionally protected liberty or property interest in accessing the judicial records at issue at the place, time, and manner at issue, and fails to show she could plead a viable due process claim premised on lack of access to court records on the occasion in question.

////

**C. Second Claim for Relief: Unreasonable Seizure, Restraint, and Imprisonment**

The superior court defendants argue the FAC fails to state a claim upon which relief can be granted against them for unreasonable seizure, restraint, and imprisonment because plaintiff's mere allegation that they "summoned" the sheriff's deputies does not demonstrate causation between their conduct and plaintiff's alleged unreasonable seizure by sheriff's deputies. (ECF No. 23-1 at 17-19.)

Plaintiff appears to concede the FAC fails to state a Fourth Amendment claim against the superior court defendants. Plaintiff responds that by amendment she could allege defendant Wood activated a panic button in response to plaintiff asking for the denial of records to be in writing, that defendant Wood "requested removal," that staff did not tell sheriff's deputies that plaintiff entered the Clerk's Office at 2:45 p.m., took a ticket, waited, and was called after 3:00 p.m. (closing time), and that deputy Hughes deferred to defendant Wood concerning what identification was required and whether plaintiff could remain. (ECF No. 25 at 9.) Plaintiff alleges the amended allegations would plausibly establish control, foreseeability, factual causation, and proximate causation. (Id.)

Defendants argue the court should treat defendant Wood like a private party and assess whether she had control over the deputies' response, such as in King v. Massarweh, 782 F.2d 829 (9th Cir. 1986) ("[A]bsent some showing that a private party had some control over state officials' decision to arrest a person or search his residence, the private party did not proximately cause the injuries stemming from the arrest and search."). However, defendant Wood allegedly acted under color of state law. Instead of whether she had control over the sheriff's deputies' decision to arrest, the court looks to whether she "possesse[d] the requisite intent, such as retaliatory animus." See Lacey v. Maricopa Cnty., 693 F.3d 896, 916 (9th Cir. 2012) ("an official with no official authority over another actor can also be liable for that actor's conduct if he induces that actor to violate a third party's constitutional rights, provided that the official possesses the requisite intent, such as retaliatory animus").

Under plaintiff's proposed second amended complaint (SAC), plaintiff was arrested in the Clerk's office at approximately 3:49 p.m. and initially accused of trespass. (ECF No. 25 at 21.)

The parties agree and do not dispute the Clerk's Office daily hours of operation are 8:00 a.m. to 3:00 p.m.[1] Under the proposed SAC's allegations, plaintiff refused to leave after the Clerk's Office's regularly closed hours had commenced. (Id. at 23.) Defendants argue these allegations establish there was probable cause to arrest plaintiff for criminal trespass under California Penal Code § 602(q), § 602(o)(1), or to arrest her for intentional interference with lawful business by employees of a public agency, under § 602.1(b). (ECF No. 31 at 6-7.) See also Harrell v. California State Univ., 745 F. Supp. 3d 922, 943 (N.D. Cal. 2024) ("Defendants had probable cause to arrest Harrell because Harrell remained in a closed building after hours without permission and resisted leaving when asked, which may have constituted trespass under California law.").

Setting aside the full probable cause inquiry, the proposed SAC fails to plausibly allege the superior court defendants acted with the requisite intent to violate her Fourth Amendment rights. Plaintiff does not plausibly allege she had a lawful right to demand service after hours or to remain after hours, as relevant to the superior court defendants' intent. See In re Bacon, 240 Cal. App. 2d 34, 47 (Ct. App. 1966), disapproved of on another ground by In re Brown, 9 Cal. 3d 612 (1973) (holding any "lawful business" that existed when students entered university building "while it was regularly open" "ceased when the building became regularly closed"). The proposed SAC alleges plaintiff remained after the close of business hours and refused to abandon her records request. Her proposed additional allegations that she entered during business hours, waited to be called, remained in the public area, "did not obstruct the business through intimidation or physical interference," and that defendant Wood activated a "panic" button in response to plaintiff asking for the denial of records to be in writing, fail to suggest the superior court defendants acted with retaliatory animus. The Clerk's Office was closed and the superior court defendants were "entitled to cease their active… duties and responsibilities for the day." In re Bacon, 240 Cal. App. 2d at 47. Plaintiff has no Fourth Amendment claim against the superior court defendants where the requisite intent to deprive her of her Fourth Amendment rights is

[1] See https://solano.courts.ca.gov/general-information/hours-operation.

lacking. See Lacey, 693 F.3d at 916.

**IV. Order**

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing set for September 9, 2026 is VACATED.
2. Defendants' motion to dismiss (ECF No. 23) is GRANTED.
3. Plaintiff's claims against defendant Wood and defendant Taylor are dismissed without further leave to amend for failure to state a claim.

Dated: September 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 inch26cv2023.mtd